

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00667-CV

**IN THE INTEREST OF A.E.S.**, a Child

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-02849
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:      Rebeca C. Martinez, Justice

Sitting:         Karen Angelini, Justice
                 Rebeca C. Martinez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  April 9, 2018

AFFIRMED

This is an accelerated appeal from the trial court's order terminating Appellant's parental rights to her son, A.E.S.  Appellant challenges the sufficiency of the evidence in support of the trial court's findings with regard to the statutory grounds for termination as well as its finding that termination of her parental rights was in the child's best interest.  *See* TEX. FAM. CODE ANN. § 161.001(b)(2) (West Supp. 2017).  We affirm the trial court's Order of Termination.

### BACKGROUND

A bench trial was conducted on August 4, 2017.  The caseworker for the Texas Department of Family and Protective Services ("the Department") testified that the Department became involved with A.E.S. due to allegations of physical abuse and neglectful supervision.  Appellant's roommate at the Battered Women's Shelter reported that Appellant had fallen asleep on top of then

seven-month-old A.E.S. Appellant had a prescription for Benzodiazepines, but a pill count indicated that she was taking much more than prescribed. She was 39 pills past what she should have been on that date. The roommate was unable to wake Appellant, and had to forcibly move her off the baby. The Department was awarded temporary managing conservatorship of A.E.S. The Department offered services to Appellant, with substance abuse and mental health being the top priorities. Appellant was required to attend a substance abuse assessment, but she did not attend.

The caseworker testified the Department attempted to reunify A.E.S. with Appellant in May 2015. At the end of a weekend visit, A.E.S. had a very high fever of which Appellant was unaware. In addition, A.E.S. smelled of cigarette smoke, and the Department had informed Appellant that she could not smoke near the child because he suffers from asthma. Appellant was unprepared for another weekend visit with A.E.S.; Appellant picked him up without any diapers or clothing. Appellant was required to complete random drug tests and on five occasions in 2015 the results indicated continued drug use. At the end of July 2015, the Department ceased unsupervised weekend visits. In April of 2016, Appellant's other child was removed from Appellant's care by the Department. At that time, Appellant refused to comply with the Department's request for additional drug testing. According to the caseworker, Appellant had not successfully completed either of her two family service plans. The caseworker opined that it was not safe for A.E.S. to be in Appellant's care. Appellant last saw A.E.S. in August 2015. Appellant had not provided proof of housing or employment. Appellant had limited participation in therapy but had not addressed the concerns of removal.

The caseworker testified that the Department planned for A.E.S. to be adopted by his foster family if parental rights were terminated. A.E.S. had been living with the same foster family for the majority of the case; the family wanted to adopt him. The foster home appeared to be stable

and loving. The caseworker stated that A.E.S. did not have a bond with Appellant and did not know who Appellant was.

The court appointed special advocate (CASA) volunteer stated that she has observed A.E.S. in the foster home and that he is a very happy four year-old. She had not observed A.E.S. interact with Appellant, but nevertheless opined that it was in the best interest of A.E.S. that parental rights be terminated.

A.E.S.'s foster father testified that A.E.S. has been living with him for almost three years; he would like to adopt A.E.S. The foster father stated that on one occasion A.E.S. returned from a weekend visit with Appellant reeking of cigarette smoke and covered in animal hair. A.E.S. was sick and not very clean.

Appellant testified that she completed her two service plans and that she attempted to visit A.E.S. by contacting the Department and the foster parents. Appellant has financially supported A.E.S. during the case, paying $156 per month in child support. The child support is garnished from her wages; Appellant is employed at Cardinal Senior Care. She stated she has lived in the same apartment for the last two years, but the Department caseworker has never visited her home. The caseworker never gave Appellant the contact information needed to visit a psychiatrist. Appellant stated that A.E.S. had a fever when he arrived for the weekend visit, and that she contacted the caseworker to let her know. She stated she has everything in her possession needed to care for A.E.S., including diapers and clothing. Appellant stated it had been a year and a half since she had last seen her child. She conceded she had some issues with drugs during the pendency of the case. She tested positive for cocaine on approximately five occasions in 2015. Appellant stated she is no longer using drugs.

## STANDARD OF REVIEW

On appeal, Appellant challenges the sufficiency of the evidence in support of the trial court's findings under section 161.001(b)(1)(D), (E), (N), (O), and (P) of the Texas Family Code ("the Code"). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O), (P) (West Supp. 2017). In addition to challenging each of the statutory grounds for termination, Appellant also challenges the sufficiency of the evidence in support of the trial court's finding that termination was in the best interest of her child. *See id.* § 161.001(b)(2).

To terminate a parent's right to his or her child, a court must find by clear and convincing evidence that the parent committed an act prohibited by section 161.001(b)(1) of the Code and termination is in the best interest of the child. *See id.* § 161.001(b)(1) (West Supp. 2017). "Clear and convincing evidence" refers to the measure or degree of proof that "will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007 (West 2014). Courts require this heightened standard of review because termination of a parent's rights to her child results in permanent and severe changes for both the parent and child, thus, implicating due process concerns. *In re A.B.*, 437 S.W.3d 498, 502 (Tex. 2014). When reviewing the legal and factual sufficiency of the evidence, we apply the well-established standards of review. *See* TEX. FAM. CODE ANN. §§ 101.007, 161.206(a) (West 2014 & Supp. 2017); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (legal sufficiency); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (factual sufficiency).

## STATUTORY TERMINATION GROUNDS

Appellant challenges the sufficiency of the evidence in support of the trial court's findings with regard to each of the statutory grounds for termination. Specifically, Appellant argues the evidence is insufficient to support the trial court's findings that she: (1) knowingly placed or knowingly allowed A.E.S. to remain in conditions or surroundings that endangered A.E.S.'s

physical or emotional well-being; (2) engaged in conduct or knowingly placed A.E.S. with persons who engaged in conduct that endangered A.E.S.'s physical or emotional well-being; (3) constructively abandoned A.E.S.; (4) failed to comply with the provisions of a court-ordered family service plan; and (5) used a controlled substance in a manner that endangered the health or safety of A.E.S and failed to complete a court-ordered substance abuse treatment program. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O), and (P).

"Parents frequently fall short of strict compliance with a family-service plan's requirements." *In re S.M.R.*, 434 S.W.3d 576, 584 (Tex. 2014). "But whether a parent has done enough under the family-service plan to defeat termination under subpart (O) is ordinarily a fact question." *Id.* Here, the caseworker stated that the primary focus of Appellant's service plan was substance abuse and mental health. Although Appellant's family service plan required her to remain drug-free, she admitted testing positive for cocaine on five occasions in 2015. She did not complete a substance abuse assessment. She did not visit with a psychiatrist. She was unsuccessfully discharged from individual therapy.

Based on this record, we conclude the trial court could have formed a firm conviction and belief that Appellant knowingly failed to comply with the provisions of a court order specifying the actions necessary for her to obtain the return of A.E.S. Accordingly, we hold the evidence is legally and factually sufficient to support the trial court's finding under section 161.001(b)(1)(O). Because we hold the evidence is sufficient to support the trial court's finding under section 161.001(b)(1)(O), we need not address the trial court's remaining findings under section 161.001(b)(1) since a single finding under section 161.001(b)(1) of the Code is sufficient to support an order of termination when there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re A.L.H.*, 515 S.W.3d 60, 88 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

**BEST INTEREST**

Appellant also challenges the sufficiency of the evidence that termination of her parental rights was in the child's best interest. There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). However, when the court considers factors related to the best interest of the child, "the prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest." TEX. FAM. CODE ANN. § 263.307(a) (West Supp. 2017). In determining whether a child's parent is willing and able to provide the child with a safe environment, we consider the factors set forth in section 263.307(b) of the Code. *See id*. § 263.307(b) (West Supp. 2017).

We also apply the non-exhaustive *Holley* factors to our analysis.[1] *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). A best-interest finding does not require evidence concerning every *Holley* factor. The Texas Supreme Court has recognized "that [the *Holley*] considerations are [not] exhaustive [and] that [not] *all* such considerations must be proved as a condition precedent to parental termination." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002) (emphasis in original). "The absence of evidence about some of [the *Holley*] considerations would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest, particularly if the evidence were undisputed that the parental relationship endangered the safety of the child." *Id.* The ultimate question before us is whether the evidence, as a whole, is sufficient for the trial court to have formed a strong conviction or belief that termination of Appellant's parental rights was in the best interest of the child. *See id.*

---

[1] These factors include: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) any present or future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist the individuals seeking custody to promote the child's best interest; (6) the plans for the child by the individuals or agency seeking custody; (7) the stability of the home or proposed placement; (8) the parent's acts or omissions which may indicate that the existing parent-child relationship is improper; and (9) any excuse for the parent's acts or omissions. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *In re E.C.R.*, 402 S.W.3d 239, 249 n.9 (Tex. 2013).

Finally, evidence that proves one or more statutory ground for termination may constitute evidence illustrating that termination is in the child's best interest. *Id.* at 28 (holding same evidence may be probative of both section 161.001(b)(1) grounds and best interest, but such evidence does not relieve the State of its burden to prove best interest). A best interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as the direct evidence. *See In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied). A trier of fact may measure a parent's future conduct by her past conduct and determine whether termination of parental rights is in the child's best interest. *Id.*

This case began when Appellant was found sleeping on top of A.E.S. when he was seven months old. Appellant had been prescribed Benzodiazepines, but had taken much more than the prescribed dosage. Appellant admitted she tested positive for cocaine five times during the pendency of the case. *See In re L.G.R.*, 498 S.W.3d 195, 204 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (noting parent's drug use supports a finding that termination is in the best interest of the child).

When A.E.S. was removed from Appellant's care, the Department implemented a family service plan to help Appellant improve her parenting; the trial court ordered Appellant to comply with the requirements of the plan and the return of A.E.S. was conditioned upon completion of the plan. Requirements of the plan included attending individual counseling and a substance abuse assessment, as well as completing a psychological evaluation and following any recommendations made on the evaluation. Although Appellant believed she had done all that was required of her under her service plan, the Department caseworker testified Appellant had not completed her service plan. *See In re S.B.*, 207 S.W.3d at 887-88 (noting failure to comply with family service plan supports finding that termination is in child's best interest); *see also In re A.H.*, No. 04–15–00416–CV, 2015 WL 7565569, at *9 (Tex. App.—San Antonio Nov. 25, 2015, no pet.) (mem.

op.) (holding failure to complete family service plan is indicative of failure to prioritize child). Notably, Appellant failed to maintain her sobriety and to complete a substance abuse assessment. She also failed to follow up with a psychiatric appointment after the psychological evaluation.

Appellant admitted it had been one and a half years since she had last seen her son. Evidence indicated A.E.S. had no bond with Appellant and that A.E.S. did not know Appellant was his mother. *See In re J.A.W.*, No. 06–09–00068–CV, 2010 WL 1236432, at *5 (Tex. App.–Texarkana Apr. 1, 2010, pet. denied) (mem. op.) (relying on parent's failure to visit children for six months before trial as evidence to support best interest finding).

Appellant testified she had a stable home and employment, but did not provide proof of either to the Department. We must defer to the factfinder's evaluation of Appellant's credibility and its resolution of any evidentiary conflicts because they are supported by the record. *See Harris v. Tex. Dep't of Family & Protective Servs.*, 228 S.W.3d 819, 822-23 (Tex. App.—Austin 2007, no pet.). A.E.S. had been living with the same foster family for the majority of his young life and the family wished to adopt him. The CASA volunteer testified A.E.S. appeared to be very happy in the home. *See In re Z.C.*, 280 S.W.3d 470, 476 (Tex. App.—Fort Worth 2009, pet. denied) (noting "[s]tability and permanence are paramount in the upbringing of a child").

Viewing the evidence related to the *Holley* factors in the light most favorable to the trial court's finding, we conclude the evidence is legally sufficient to support a firm belief or conviction that termination of Appellant's parental rights was in A.E.S.'s best interest. *See Holley*, 544 S.W.2d at 372. Having given due consideration to the disputed evidence in the case, we reach the same conclusion regarding the factual sufficiency of the evidence. Any evidence favoring a decision contrary to the trial court's decision "is not so significant that no reasonable juror could have formed a firm belief or conviction" that termination of Appellant's parental rights is in the best interest of the child. *See In J.P.B.*, 180 S.W.3d at 573; *In re H.R.M.*, 209 S.W.3d at 108.

## CONCLUSION

We overrule Appellant's issues on appeal and affirm the trial court's Order of Termination.

Rebeca C. Martinez, Justice